GREAT EASTERN CASUALTY CO. v.
SMITH. (No. 1433.)

(Court of Civil Appeals of Texas. Texarkana.
March 4, 1915.)

1. INSURANCE ⬡⟶291 — APPLICATION — CON-
STRUCTION.
In determining the question of falsity, the
questions and answers in the application for
insurance ought to be construed liberally in
favor of the insured.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 681–690, 694–696; Dec. Dig. ⬡⟶
291.]

2. INSURANCE ⬡⟶291—WARRANTY—HEALTH—
BREACH — "WHOLE" — "SOUND"—"CONDI-
TION."
A warranty in an insurance application
that applicant was in whole and sound condi-
tion, mentally and physically, is not breached by
failure to state that he had a leg amputated at
the knee, since "whole" means hale, hearty,
strong, sound, and also entire, complete, and
"sound" means hearty, not diseased, and also
whole, unimpaired, and "condition" means state
or situation as regards internal or external cir-
cumstance or plight, and that construction most
favorable to assured will be taken.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 681–690, 694–696; Dec. Dig. ⬡⟶
291.

For other definitions, see Words and Phrases,
First and Second Series, Condition; Sound.]

Appeal from Harrison County. Court; Geo.
L. Huffman, Judge.

Action by Louis Smith against the Great
Eastern Casualty Company. From a judg-
ment for plaintiff, defendant appeals. Af-
firmed.

The action is by appellee on a policy of
insurance, providing, as sued for, weekly in-
demnity for loss of time through disablement
resulting while traveling as a passenger
within any common carrier's conveyance.
After the issuance and delivery of the policy
the insured sustained bodily injuries while
traveling as a passenger on a railway pas-
senger train, and was wholly disabled from
attending to any kind of business for more
than 10 weeks continuously. Appellee sues
for the 10 weeks' loss of time at the stipu-
lated amount of $25 per week, and for the
statutory damages and attorney's fees for
failure to pay the claim within 30 days after
the demand therefor. Appellant pleaded, in
avoidance of the policy, that a false state-
ment as to his physical condition was made
by the insured in applying for the policy.
The appellee replied that the appellant was
estopped by the knowledge of its soliciting
agent from asserting any forfeiture in re-
spect to the answer if it were false. The
court gave a peremptory instruction in favor
of appellee, and refused to give one in favor
of appellant, to each of which appellant sea-
sonably excepted and assigns error. The
facts are agreed to, and are admitted to be
undisputed. The local agent of appellant
solicited insurance from appellee, and the
application blank was filled in by the agent,
and appellee signed it. The application
reads as follows:

"I hereby apply for limited accident and sick-
ness insurance in the Great Eastern Casualty
Company to be based upon the following state-
ment of facts which I warrant to be true and
complete and binding upon me:

"Policy No. C–153889. Form S–54. Key
tag No. 56289. Date, 8/19/1913. (Policy in
force one year from date.) Name, Louis Smith.
Age, 39 years. Street and number, ———. City
and state, Marshall, Texas. Beneficiary, Sarah
Smith. Relationship, wife. Address, Marshall,
Texas.

"I have never had fits, diabetes, kidney dis-
ease, syphilis or any sickness or disorder of the
brain, spine or nervous system, am in whole
and sound condition mentally and physically,
and have no other insurance in this company,
except as herein stated."

At some previous time one of appellee's
legs had been amputated near the knee, and
the agent knew of the fact that appellee was
one-legged. The appellee says he asked the
agent, when his application was solicited, if
his being one-legged would affect the insur-
ance, and was told it would not. The agent
denies making the statement. After appel-
lee signed the application the agent collected
the premium, which was for a year, and
forwarded the application to the home office
of the company, which was there approved
and the policy issued and mailed to the
agent, who delivered it to appellee. The
agent had authority to solicit the insurance
and collect the premium, but had no author-
ity to issue policies or to waive or change
any provision of the policy. The policy re-
cites that it is issued in consideration of and
subject to the agreements and statements in
the application, which are made a part of
the contract, and stipulates for forfeiture of
policy for untruthfulness of warranties.
There is agreement as to amount of attor-
ney's fees that would be reasonable, and
that being one-legged may be regarded as
being material to the risk of insurance.

Beard & Davidson, of Marshall, for appel-
lant. Bibb & Scott, of Marshall, for appel-
lee.

LEVY, J. (after stating the facts as above).
[1, 2] In his application for the insurance
the appellee answers:

"I have never had fits, diabetes, kidney dis-
ease, syphilis or any sickness or disorder of
the brain, spine or nervous system, am in whole
and sound condition mentally and physically."

The company defends upon the ground
that there had been a breach of the war-
ranties contained in the application and pol-
icy, in that by this answer the insured had
represented himself as being "in whole and
sound condition mentally and physically,"
when in truth before and at the time of the
application he was one-legged. The only
proof or contention with respect to the state
of health or condition of the insured rests
upon the bare fact that the insured at some
previous time had a leg amputated at the

---

⬡⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

knee, and as a consequence was "one-legged." It is concluded that the court did not err in directing a verdict for appellee. It is believed that from the fair interpretation and intendment of the language of the questions and answers, construed together, there is not shown the evident untruth or falsity, so as to avoid the policy, of the answers in the application. It is stated as a fair rule that in determining the question of falsity the questions and answers of the application ought to be construed liberally in favor of the insured. The language "in whole and sound condition mentally and physically" is capable of different meanings. The word "whole" is defined: "(1) Hale, hearty, strong, sound, well;" and "(4) entire, complete, without omission, reduction or diminution." Century Dictionary and Cyclopedia, vol. X; Webster; Standard. The word "sound" is defined: "(1) Hearty, not diseased;" and "(2) whole, uninjured, unmutilated." Id. The word "condition" is indefinite of application, and means "state or situation, as regards internal or external circumstances or plight." Id. Therefore in one meaning the language could refer to a well and not diseased · state of mind and body apart from the bare fact of having one leg off, while in another meaning the language could refer and extend as well to health as to a whole body. As the answers run in the application there is ample room for the insured to have naturally understood that he was asked concerning diseases and ailments affecting his general soundness of health, and not specifically to the loss of a limb. And as he could reasonably and fairly have so construed the language, it is not thought that falsity of answer in avoidance of the policy could properly be predicated on the omission to specifically state the fact of the loss of a limb. This ruling is decisive of the appeal.